UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUSTIN CABOT, | Civil Action No. 16-3924 (SDW) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

IT APPEARING THAT:

1. On or about June 30, 2016, *pro se* Petitioner Justin Cabot filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1). In his motion, Petitioner raises two claims: first, a claim based on *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015) in which he asserts that the residual clause of the Career Offender provision of the United States Sentencing Guidelines is void for vagueness and that his receiving that enhancement pursuant to the residual clause was therefore improper, and a claim in which he challenges the execution of his sentence by the Bureau of Prisons (BOP) insomuch as his consecutive and concurrent sentences are allegedly being improperly calculated by the BOP. (*Id.*).

2. On June 23, 2016, Chief Judge Simandle entered Standing Order 16-2, which stayed all § 2255 motions, including Petitioner's, which raised claims based on the Supreme Court's ruling in *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015). This Court entered an order on August 3, 2016, advising Petitioner of the stay.

3. As the standing order's stay period has now elapsed, this Court is required by Rule 4 of the Rules Governing Section 2255 Proceedings to review Petitioner's motion and "dismiss the motion" if it "plainly appears from the motion, any attached exhibits, and the record of prior

1

proceedings that the moving party is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

4. In his first claim, Petitioner asserts that residual clause of the Career Offender Guideline, U.S.S.G. § 4B1.2(a), was rendered void for vagueness by *Johnson* and that his prior felony convictions no longer serve as predicate offenses sufficient to establish the applicability of the Career Offender Guideline to his sentence. The inherent flaw in that argument, however, is that the Supreme Court ruled in *Beckles v. United States*, --- U.S. ---, ---, 137 S. Ct. 886, 895 (2017), that "the advisory Sentencing Guidelines ae not subject to a vagueness challenge under the Due Process Clause and . . . § 4B1.2(a)'s residual clause is not void for vagueness." As the residual clause of the Career Offender Guideline has not been rendered void for vagueness by *Johnson*, Petitioner's assertion that his prior felonies no longer qualify him for the Career Offender Guideline upward adjustment is without merit, and his *Johnson*/*Beckles* claim must be denied as such. *Id.*; *see also Pearson v. Warden Canaan U.S.P.*, --- F. App'x ---, 2017 WL 1363873, at *2 (3d Cir. Apr. 7, 2017).

5. In his remaining claim, Petitioner seeks to raise a challenge to the calculation of his sentence, and asserts that he is not being given credit for a sentence which he asserts was to run concurrent with his federal sentence. Because this claim challenges the execution, rather than the validity, of Petitioner's sentence, it must be brought pursuant to 28 U.S.C. § 2241 in the district in which Petitioner is currently confined, in this case the Middle District of Pennsylvania. *See, e.g., Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004); *McGee v. Martinez*, 627 F.3d 933, 935-37 (3d Cir. 2010); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 242-44 (3d Cir. 2005). *Coady v. Vaughn*, 251 F.3d 480, 485-86 (3d Cir. 2001). As a § 2241 petition can only be brought in the district of

2

current confinement, and not in the sentencing district, this Court has no jurisdiction over Petitioner's calculation of sentence claim, and must therefore either dismiss Petitioner's calculation claim or transfer it to the appropriate jurisdiction if a transfer is in the interests of justice. *See* 28 U.S.C. § 1631 (permitting transfer of a matter over which the Court lacks jurisdiction to the appropriate forum where the Court determines that "it is in the interest of justice").

6. Petitioner, however, has already filed a § 2241 petition challenging the calculation of his sentence in the Middle District of Pennsylvania in which he asserted a claim challenging the execution and calculation of his sentence which appears to be virtually identical to the claim he now seeks to raise. *See Cabot v. Maiorana*, No. 15-0900, 2015 WL 4160075 (M.D. Pa. July 9, 2015). The Middle District denied that petition on the merits, finding that Petitioner's assertion that he was denied the benefit of a concurrent state sentence was without merit as Petitioner's federal sentence was "to run *consecutive* to his state sentence." *Id.* at *5. As the Middle District has already denied a claim which appears to be identical to the one Petitioner now intends to raise, this Court finds that a transfer of Petitioner's calculation claim to the Middle District would not be in the interest of justice, and Petitioner's calculation claim shall therefore be dismissed without prejudice for lack of jurisdiction.

7. Finally, because this Court is denying Plaintiff's sole § 2255 claim on the merits, the Court must determine whether the issuance of a certificate of appealability is warranted. Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a proceeding under § 2255 unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here

3

are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason would not disagree with either this Court's conclusion that Petitioner's *Johnson/Beckles* claim is without merit in light of the Supreme Court's ruling in *Beckles* or this Court's finding that it lacks jurisdiction over Petitioner's calculation claim, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and his claims do not deserve encouragement to proceed further. Petitioner shall therefore be denied a certificate of appealability.

8. In conclusion, Petitioner's *Johnson/Beckles* claim is DENIED, Petitioner's calculation claim is DISMISSED for lack of jurisdiction, and Petitioner is DENIED a certificate of appealability. An appropriate order follows.


Dated: June 1, 2017	*s/ Susan D. Wigenton*
	Hon. Susan D. Wigenton,
	United States District Judge